IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TODD GUTHRIE,

    Plaintiff,                      No. 2:08-cv-1972 LKK JFM PS

  vs.

MARK E. EVERSON,                 ORDER AND

    Defendant.               FINDINGS AND RECOMMENDATIONS

_____/

        Pending before this court is defendant's motion to dismiss this action for lack of subject matter jurisdiction. On November 13, 2008, plaintiff filed a notice that "the issues in this case are well ple[]d and this Court can report to the District Court based upon those pleadings without anything further from Plaintiff." (Id.) Plaintiff added that he could appear by telephone if the court insisted.

        In light of plaintiff's request, the court has determined that the matter shall be submitted upon the record and briefs on file and accordingly, the December 4, 2008 date for hearing of this matter shall be vacated. Local Rule 78-230. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Plaintiff contends defendant deprived plaintiff of property in violation of his constitutional rights and seeks damages in the amount of $109,682.25. Defendant Everson was the Commissioner of the Internal Revenue Service (IRS) during the period at issue. (Complaint at ¶¶ 30 & 31. Plaintiff concedes defendant deprived plaintiff of his property based on a

1

1  judgment by the United States Tax Court.  Id. at ¶ 38; see also Guthrie v. Comm'r, T.C. Memo.
2  2006-89, 2006 WL 1146137 (2006), aff'd 235 F.3d. Appx. 670, 2007 WL 2437688 (9th Cir.
3  2007) (unpublished).
4  　　　　　The United States filed a notice of removal on August 20, 2008, removing the
5  state court action to the instant court.  (Docket No. 1.)
6  　　　　　On September 22, 2008, plaintiff filed a motion to remand this case back to state
7  court, claiming that plaintiff sued defendant Everson individually and that the United States is
8  not a defendant herein.
9  　　　　　Defendant asserts the proper party to this action is the United States.
10 　　　　　The remedies sought in the complaint (i.e., the abatement of collection actions,
11 release of federal tax liens) indicate that this action is against the United States, regardless of how
12 it is styled.  See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 n.11 (1984).
13 Plaintiff has not alleged personal actions by the IRS Commissioner that fall outside the scope of
14 his employment.  A lawsuit brought against a federal employee, acting within his official
15 capacity, is essentially a suit against the United States.  Hawaii v. Gordon, 373 U.S. 57 (1963);
16 Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985).  Good cause appearing, the United
17 States will be substituted as the proper party defendant, and plaintiff's motion to remand will be
18 denied.
19 　　　　　The United States further contends this action should be dismissed on the grounds
20 of sovereign immunity.  It is well settled that the United States, as a sovereign, may not be sued
21 without its consent, and that the terms of its consent define the court's jurisdiction.  United States
22 v. Testan, 424 U.S. 392, 399 (1976) (citing United States v. Sherwood, 312 U.S. 584, 586
23 (1941)).  Where the United States has not consented to suit, the court lacks jurisdiction over the
24 subject matter of the action and dismissal is required.  Hutchinson v. United States, 677 F.2d
25 1322, 1327 (9th Cir.1982) (citations omitted).  The burden is on the taxpayer to find and prove an
26 "explicit waiver of sovereign immunity."  Lonsdale v. United States, 919 F.2d 1440, 1444 (10th

1  Cir.1990). Waivers of sovereign immunity "must be explicitly expressed," and "must be strictly
2  construed in the favor of the sovereign and may not be extended beyond the explicit language of
3  the statute." Fostvedt v. United States, 978 F.2d 1201, 1202-03 (10th Cir.1992) (citing
4  Ruckelshaus v. Sierra Club, 463 U.S. 680, 685 (1983); See Gilbert v. DaGrossa, 756 F.2d 1455,
5  1458 (9th Cir.1985).
6          Plaintiff argues that Article III of the United States Constitution "denies to the
7  United States judicial power any jurisdiction to consider any issue that is alleged to have
8  occurred within the State of California." (Opp'n. at 2.) Plaintiff appears to agree with defendant
9  that this court lacks subject matter jurisdiction to hear the instant dispute, but argues 28 U.S.C.
10 § 1447(c) mandates remand to state court if the district court finds it lacks subject matter
11 jurisdiction.
12         Generally, a plaintiff's allegations are accepted as true in deciding a motion to
13 dismiss under Fed. R. Civ. P. 12(b)(1). However, where those allegations are contradicted by
14 facts established by exhibits attached to the complaint, they may be disregarded. See Durning v.
15 First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). Federal income tax liability falls
16 exclusively within the jurisdiction of the United States Tax Court. See 26 U.S.C. § 7442. As
17 noted by defendant, Congress has established a comprehensive statutory scheme under 26 U.S.C.
18 § 7433 for seeking redress in federal tax matters. See Adams v. Johnson, 355 F.3d 1179, 1186
19 (9th Cir. 2004)(Internal Revenue Code gives taxpayers meaningful protections against
20 governmental transgressions in tax assessment and collection; thus, taxpayers cannot bring
21 actions against IRS employees for damages under Bivens v. Six Unknown Named Agents of the
22 Federal Bureau of Narcotics, 403 U.S. 388 (1971).
23         This court lacks subject matter jurisdiction as to matters related to the plaintiff's
24 underlying federal income tax liability. Because the Tax Court has exclusive jurisdiction over
25 this matter, the court may not exercise jurisdiction under 26 U.S.C. § 6330.
26 /////

Based on plaintiff's complaint, this court concludes there is no waiver of sovereign immunity in this action. Therefore, this court lacks subject matter jurisdiction and the complaint against the United States should be dismissed.

IT IS HEREBY ORDERED that:

1. The December 4, 2008 hearing is vacated;

2. Plaintiff's September 22, 2008 motion to remand (docket no. 6) is denied;

3. The United States is substituted as the named defendant in this case; the Clerk of the Court is directed to amend the caption of this case to reflect the United States as the sole named defendant in this action; and

IT IS HEREBY RECOMMENDED that the United States' September 25, 2008 amended motion to dismiss be granted (docket no. 7), and this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 20, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

001;guthrietax.mtda

4